IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBIN WEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 22-mc-0404-TC-GEB |
| ) | |
| ILLINOIS STATE DEPARTMENT OF ) | |
| CHILDREN AND FAMILY SERVICES ) | |
| MADISON COUNTY, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This petition styled writ of habeas corpus was initially filed by *pro se* Plaintiff, naming the Illinois Department of Children and Family Services and Illinois Family Division Court as Defendants.[1] Plaintiff also filed a motion for leave to proceed in forma pauperis (**ECF No. 4,** *sealed*). For the reasons set forth below, the Court recommends the motion (**ECF No. 4,** *sealed*), be **DENIED** and this action be **DISMISSED**.

**I.   Background[2]**

Plaintiff filed her petition for writ of habeas corpus regarding her grandchildren on December 27, 2022.[3] After a thorough review of Plaintiff's petition, the Court was unable

---

[1] ECF No. 1. (Petitioner titled her initial petition as "first amended." However, this was the first document filed in the case.)
[2] Unless otherwise indicated, the information recited in this section is taken from the petition (ECF No. 1), argument of Plaintiff at the February 10, 2023, hearing on the order to appear and show cause (ECF No. 5), and amended petition (ECF No. 10). This background information should not be construed as judicial findings or factual determinations.
[3] ECF No. 1.

to discern the claims presented and relief sought by Plaintiff. As a result, the Court set this case for hearing on February 10, 2023, and entered an order for Plaintiff to appear and show cause as to why the undersigned should not recommend dismissal.[4]

Plaintiff appeared and presented the following arguments:

a. Her grandchildren were removed from their parents in Illinois in approximately August 2022, without any criminal conviction or charges;

b. The parents of her grandchildren have not been treated fairly by the Illinois court;

c. The case is pending regarding her grandchildren in Illinois, but Plaintiff does not believe the Illinois court is proceeding in the proper manner, is biased and has not told her where her grandchildren have been placed;

d. Her grandchildren's parents are not allowed in the courtroom while her grandchildren are being discussed; and

e. She wants her grandchildren placed with her while the Illinois case progresses, but she does not know how to get involved in the Illinois case.

The Court subsequently entered an order giving Plaintiff until March 10, 2023, to file an amended petition setting forth her allegations regarding jurisdiction, her factual claims and authority to bring this action, damages, and the relief sought.[5] Plaintiff filed her amended petition on March 10, 2023.[6]

---

[4] ECF No. 5.
[5] ECF No. 7.
[6] ECF No. 10. Petitioner titled her amended petition as "second amended petition." In reality, it is the first amended petition.

In her amended petition, Plaintiff removed the Illinois family court division as a Defendant, limiting her claims to the Illinois Department of Children and Family Services. She now alleges she is bringing the petition on behalf of her grandchildren, her daughter, and her grandchildren's father. Plaintiff goes on to allege the locations where her grandchildren were born, their current emotional status, her current health status, where her grandchildren and their parents lived for the past several years, and two of her grandchildren and their parents have lived in Kansas longer than any other state. Petitioner requests the case be "discharged" and the minors returned to their parents.

## II.     Recommendation of Denial of *In Forma Pauperis* Status

Pursuant to 28 U.S.C. § 1915(a), the Court has discretion to authorize filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof."[7] "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[8]

To succeed on a motion to proceed in this capacity, a party must show a financial inability to pay the required filing fee. The filing fee for habeas corpus cases is currently $5.00. The Court reviews the party's financial affidavit and compares his or her monthly

---

[7] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499-KHV, 2000 WL 1909625, *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, No. 98-4231, 173 F.3d 863, *1 (10th Cir. Apr. 23, 1999)).
[8] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

expenses with the monthly income disclosed therein to determine whether a party is eligible to file without prepayment of the fee.[9]

After careful review of Plaintiff's financial resources **(ECF No. 4, *sealed*)**, and comparison of Plaintiff's listed monthly income versus her monthly expenses, the Court finds she is able to pay the filing fee. However, a magistrate judge does not have authority under 28 U.S.C. § 636 to deny a motion to proceed without prepayment of fees.[10] Accordingly, the undersigned Magistrate Judge **RECOMMENDS** Plaintiff's Motion **(ECF Nos. 4, *sealed*)** be **DENIED** pending review of the recommendation of dismissal herein. If the recommendation of dismissal is not adopted, the undersigned would recommend Plaintiff be required to pay the filing fee of $5.00. The undersigned does not believe such payment would be an undue burden on Plaintiff.

### III.     Recommendation of Dismissal

When a party seeks to proceed without the prepayment of fees, the *in forma pauperis* statute, 28 U.S.C. § 1915, directs the court to screen the party's complaint. Under Section 1915, *sua sponte* dismissal of this case is required if the court determines that the action: 1) is frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or

---

[9] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL, 2000 WL 1162684, *1) (D. Kan. April. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL, 2000 WL 1025575, *1 (D. Kan. July 17, 2000)).

[10] *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (the denial of plaintiff's motion to proceed *in forma pauperis* is a dispositive matter and the magistrate judge should issue a report and recommendation for de novo review by the district judge).

3) seeks monetary relief from a defendant who is immune from suit. The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."[11]

Screening of habeas corpus cases is addressed by Rule 4 of the Rules Governing § 2254 Cases and requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[12] Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254.[13]

Habeas corpus claims can be brought in the district court whose territory encompasses either the place of confinement or the place that issued the process ordering confinement.[14] The proper venue for habeas cases is the district from which the process issued.[15] Based upon the named Defendant, the amended petition, and oral argument of Plaintiff, the children at issue are in Illinois due to an Illinois state court order out of Madison County, so any habeas case should have been brought in the Southern District of Illinois, if at all. Jurisdictional issues that arise when a case is brought in the wrong district may be cured by transfer under 28 U.S.C. § 1631, if the transfer is "in the interests of justice."[16]

---

[11] *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989))(citing language contained in § 1915(d), prior to the statute's amendment in 1996).
[12] Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.
[13] Rules Governing § 2254 Cases, Rule 1(b), 28 U.S.C.A. foll. § 2254.
[14] *Green v. Richardson,* No. 09-3234-RDR, 2010 WL 446958, at *2 (D. Kan. 2010) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973)).
[15] *Id.*
[16] *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (citing *Federal Deposit Ins. Corp. v. McGlamery,* 74 F.3d 218, 220 (10th Cir.1996)).

Prior to transferring, a court is allowed to consider the consequences of a transfer by "taking a peek at the merits" to avoid "raising false hopes and wasting judicial resources" that would occur from "transferring a case which is clearly doomed."[17] For the reasons set forth below, the undersigned believes this case to fails to state a claim upon which relief may be granted, is thus, "clearly doomed," and the undersigned recommends dismissal in lieu of expending judicial resources by transferring this case to the Southern District of Illinois.

Because Plaintiff proceeds *pro se*, her pleadings must be liberally construed.[18] However, she still bears the burden to allege "sufficient facts on which a recognized legal claim could be based,"[19] and the Court cannot "take on the responsibility of serving as her attorney in constructing arguments and searching the record."[20] A *pro se* complaint may be dismissed if it clearly fails to state a legally cognizable claim, and it is not the court's duty to become an advocate for the *pro se* litigant.[21]

Plaintiff alleges Illinois does not have jurisdiction over this child custody matter because the family has "lived in Kansas more than anywhere else" and they were "visiting Illinois" at the time the minors were removed from their parents' custody.[22] Plaintiff

---

[17] *Haugh* at 1149 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir.1999)).
[18] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[19] *Id*.
[20] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (internal edits omitted) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).
[21] *Hall* at 1110.
[22] ECF No. 10.

requests her three grandchildren be released to their parents and/or the "case shall be discharged."[23] Plaintiff's petition fails for several reasons.

First, federal courts are courts of limited jurisdiction, as "[t]hey possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree."[24] Federal district courts have "federal question jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States."[25] Likewise, federal district courts have "diversity jurisdiction" when the amount in controversy exceeds $75,000.00 and there is complete diversity among the parties, which means that no plaintiff may be a citizen of the same state as any defendant.[26] Plaintiff brings this case as a challenge to an Illinois state court's order regarding the custody of her grandchildren and does not seek any monetary damages. She only seeks to have this Court force a state court in Illinois to order the release of her grandchildren back to the custody of their parents. Plaintiff comes to the federal court as a means of appealing the Illinois state court orders and challenging the jurisdiction of Illinois, not based on any federal question. "Federal habeas relief does not lie for errors of state law."[27] "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."[28] The applicability of a habeas corpus case in relation to child custody has been addressed by the United States Supreme Court, which held federal habeas corpus jurisdiction "may not be

---

[23] *Id.*
[24] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).
[25] 28 U.S.C. § 1331.
[26] 28 U.S.C. § 1332(a).
[27] *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991).
[28] *Id.* at 67-68.

invoked to consider collateral challenges to parental rights or child custody."[29] Plaintiff's attempt to have her grandchildren released or the Illinois case dismissed is a collateral challenge brought under the guise of a habeas corpus petition. It does not state a claim upon which relief may be granted.

Second, Plaintiff names the Illinois Department of Children and Family Services as Defendant.[30] The Eleventh Amendment prohibits a party from filing suit in federal court "in which the State or one of its agencies or departments is named as the defendant."[31] Thus, the Plaintiff names a Defendant who is immune from suit. There are exceptions to the claim of immunity, including, at times, suits against state officials.[32] However, here, Plaintiff has not named a state official, only a department of the State of Illinois, as a Defendant.

Third, Plaintiff attempts to bring this action on behalf of Andrea Connor and Robert Ray, presumably adults, who are the parents of the minor children in question. She also brings the case on behalf of the three minor children. "[T]he concept of 'next friend' standing . . . has long been an accepted basis for jurisdiction in certain circumstances. Most frequently, 'next friends' appear in court on behalf of detained prisoners who are unable,

---

[29] *Brown v. Johnston,* No. 22-cv-670-DWD, 2022 WL 1129327, at *2 (S.D. Ill. 2022) (citing *Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 511-512 (1982); and *Ali A. v. New Jersey Div. of Child, Prot. & Permanency*, No. CV 21-15451 (KM), 2022 WL 102264, at *2 (D.N.J. Jan. 11, 2022); *also see Martinez v. Pickering,* No. 22-cv-4027-JWB-RES, 2022 WL 4134720, at *5 (D. Kan. 2022).
[30] ECF No. 10.
[31] Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *also see Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)).
[32] *Id.*; *also see* Ameritech Corp. v. McCann, 297 F.3d 582, 585 (7th Cir. 2002).

usually because of mental incompetence or inaccessibility, to seek relief themselves."[33] A "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. Most important for present purposes, "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing: 1) a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action; and 2) the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.[34] "[O]ne necessary condition for 'next friend' standing in federal court is a showing by the proposed 'next friend' that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability."[35] Plaintiff makes no showing or allegation that Andrea Connor and Robert Ray are unable to litigate their own case, she alleges no mental incapacity, lack of access to the court, or other disability. While the Court sympathizes with Plaintiff and witnessed her expression

---

[33] *Whitmore v. Arkansas*, 495 U.S. 149, 161-62 (1990) (citation omitted).
[34] *Id.* at 163-64 (internal citations omitted).
[35] *Id.* at 165.

of love for her daughter, grandchildren, and their father displayed during her argument to the Court and understands she feels completely helpless regarding their plight, Plaintiff makes no showing that she has standing or authority to bring this case on behalf of Andrea Connor, Robert Ray, and/or their minor children.

The Court, as required, has construed Plaintiff's amended petition liberally.[36] However, the undersigned concludes there are no factual allegations that give rise to a cognizable claim for federal habeas relief in a state child custody case. Moreover, the named Defendant has immunity, and Plaintiff makes no argument regarding why she should be granted "next friend" status. As previously noted, the Court cannot "take on the responsibility of serving as [Plaintiff's] attorney in constructing arguments and searching the record."[37] A *pro se* complaint may be dismissed if it clearly fails to state a legally cognizable claim, and it is not the court's duty to become an advocate for the *pro se* litigant.[38] The Court **RECOMMENDS** dismissal and for the District Judge to decline a transfer of this case to the Southern District of Illinois, which would result in a waste of judicial resources and a likelihood such a transfer would raise false hopes when Plaintiff does not state a claim upon which relief may be granted.[39]

---

[36] *Abdelsamed v. United States*, 13 F. App'x 883, 884 (10th Cir. 2001).
[37] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (internal edits omitted) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).
[38] *Hall v. Bellmon* at 1110.
[39] *Haugh v. Booker,* at 1149.

## IV.     Conclusion

After careful consideration of Plaintiff's amended petition and being aware Plaintiff proceeds *pro se*, the undersigned determines the amended petition is wholly insufficient. Plaintiff fails to state any claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED** that the District Judge decline to transfer this case and this action be **DISMISSED**.

**IT IS ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[40]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 21st day of March 2023.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. MAGISTRATE JUDGE

---

[40] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).